```
            IN THE UNITED STATES DISTRICT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SALIX FRUIT, LLC, | |
| Plaintiff, | Civil No. 16-8747 (RBK-KMW) |
| v. | **MEMORANDUM OPINION** |
| HELLMANN WORLDWIDE LOGISTICS, INCL, et al., | |
| Defendants. | |

**SIMANDLE, Chief District Judge:**

This case, arising from damage to a shipment of lemons from Spain to Avenel, New Jersey, is before the undersigned Chief Judge upon motion of Defendants Preferred Freezer Services of Woodbridge, LLC, and Preferred Freezer Logistics, LLC (hereafter "Preferred Defendants") for an Order reallocating this action from the Camden Vicinage to the Newark Vicinage pursuant to Local Civil Rule 40.1(d).  This matter, which was brought by Salix Fruit, LLC of Tallahassee, Florida, against Defendants Hellmann Worldwide Logistics, Inc. of Doral, Florida; Salson Dedicated, Inc. of Newark, New Jersey; Preferred Freezer Services of Woodbridge, LLC of Avenel, New Jersey; and Preferred Freezer Logistics, LLC of Chatham, New Jersey.  The latter three defendants are located in the Newark Vicinage.  The Complaint alleges that its cargo was damaged while in possession or

control of a Salson Defendant or a Preferred Defendant (Compl. ¶¶ 10-16). Thus, the cause of action allegedly arose in the Newark Vicinage.

Plaintiff opposes the reallocation of this case to the Newark Vicinage and alleges that it was properly filed in Camden. Plaintiff points out that the case originated in the Superior Court of New Jersey, Camden County, and that it was removed by the Defendants in the Camden Vicinage. (See Plaintiff's response, Docket Item 23).

Other than Plaintiff's counsel having his office in the Camden Vicinage in Swedesboro, New Jersey, there is no other connection to the Camden Vicinage apparent in this case. No party resides in the Camden Vicinage nor did the cause of action arise there. No party has identified any witness, documents, or other evidence in the Camden Vicinage.

The allocation of cases in this District takes place using the considerations of Local Civil Rule 40.1(a). That Rule provides as follows:

> Each civil case shall be allocated by the Clerk of the Court to Camden, Newark or Trenton at the time it is commenced. The Clerk shall consider the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose. The Vicinage allocated shall be the location of trial and of all proceedings in the case, unless changed by order of the Court.

Local Civil Rule 40.1(a).

None of the indicated criteria support the continuation of this case in the Camden Vicinage.  No party or witness is in the Camden Vicinage, the allegedly improper transportation container freezer settings were detected in the Newark Vicinage, and all defense counsel who have entered an appearance have their offices in the Newark Vicinage or New York City.  That the Plaintiff originally chose to file the case in Superior Court for Camden County does not outweigh these numerous considerations under Local Civil Rule 40.1(a), all pointing to the propriety of allocation to the Newark Vicinage.

The Court is mindful that the initial scheduling conference has gone forward in the Camden Vicinage before the Honorable Karen M. Williams on February 16, 2017, and that schedule shall continue to govern, causing no delay to Plaintiff's prosecution of its claim.  The case will be reallocated to the Newark Vicinage and reassigned to a District Judge and Magistrate Judge for further proceedings.

For the foregoing reasons, Defendants' motion will be granted and the accompanying Order for Reallocation will be entered.

| | |
|---|---|
| **February 22, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |